*994 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kenner 0. Miller, Jr., an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.
Respondent was admitted to the practice of law in Louisiana in 1983. In September 2007, the ODC filed three counts of formal charges against respondent, alleging that he neglected legal matters, failed to communicate with his clients, failed to properly withdraw from the representation of his clients, engaged in dishonest conduct, and engaged in conduct prejudicial to the administration of justice. Prior to the formal hearing, respondent and the ODC stipulated to the allegations of the formal charges. The matter then proceeded to a hearing in mitigation. During the hearing, respondent presented evidence suggesting that his misconduct was caused by cocaine abuse, for which he had been treated. Respondent also claimed that he had abstained from the use of cocaine for more than one year prior to the hearing. However, the ODC received information from the Lawyers Assistance Program that respondent’s January 27, 2009 drug screen [2was positive for cocaine. Consequently, the ODC filed with this court a petition seeking respondent’s immediate interim suspension from the practice of law. Respondent filed a response to the ODC’s petition agreeing to the entry of an order of interim suspension. Accordingly, we ordered that respondent be placed on interim suspension. In re: Miller, 09-0271 (La.2/11/09), 2 So.3d 418.
Thereafter, the ODC proceeded with the prosecution of the formal charges originally filed against respondent in September 2007. In May 2010, after considering the charges, we suspended respondent from the practice of law for eighteen months, retroactive to the date of his interim suspension. In re: Miller, 09-2680 (La.5/21/10), 34 So.3d 839 (“Miller I”). Respondent has not been reinstated from this suspension and, thus, remains suspended from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
Between December 1, 2005 and February 27, 2009, respondent commingled, con *995 verted, and/or misappropriated to his own use the sum of $208,260.83. This amount consisted of funds due to various clients and third-party medical providers from the proceeds of settlements in personal injury cases.
The ODC’s auditor documented the details of respondent’s commingling, conversion, and/or misappropriation of the funds in a report dated March 20, 2012. Specifically, the report indicated that respondent deposited $13,100 of his personal funds into his client trust account. He also paid certain operating expenses, such as payroll and rent, directly from the trust account. Additionally, he overpaid his attorney’s fees and costs from settlement funds in several client matters, resulting in deficient funds to pay clients and third-party medical providers their portions of lathe settlements. Finally, respondent’s trust account was overdrawn in July 2007 and January 2008.
DISCIPLINARY PROCEEDINGS
In January 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a)(b) (safekeeping property of clients or third parties), 1.15(d) (failure to timely remit funds to a client or third person), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that, between December 1, 2005 and February 27, 2009, respondent commingled, converted, and/or misappropriated $208,260.83. The funds were owed to various clients and third-party medical providers as a result of settlements obtained during this time period in personal injury cases. The committee further found a factual basis for the report prepared by the ODC’s | ¿auditor. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Turning to the issue of an appropriate sanction, the committee considered the ABA’s Standards for Imposing Lawyer Sanctions and the ease of Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), wherein the court set forth guidelines for sanctions in cases involving an attorney’s conversion of client funds. The committee found no mitigating factors present and did not address the presence of any aggravating factors. However, it did determine, based on the serious nature of the misconduct and respondent’s failure to answer the formal charges, that permanent disbarment was the only viable sanction.
Accordingly, the committee recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

*996
Disciplinary Board Recommendation

After review, the disciplinary board determined the factual allegations of the formal charges were deemed admitted and have been conclusively established. The board also found that the hearing committee correctly applied the Rules of Professional Conduct to determine respondent violated the rules as alleged in the formal charges. Accordingly, the board adopted the committee’s findings of fact and law.
The board determined respondent knowingly and intentionally violated duties owed to his clients and the legal profession. His conduct caused harm to his clients and third-party medical providers by depriving them of their funds. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment.
|fiIn aggravation, the board found the following factors: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency,[1] refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1983), and indifference to making restitution. The board determined that no mitigating factors are supported by the record.
After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as this court’s prior jurisprudence addressing similar misconduct, the board recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal | ficonclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent commingled, converted, and/or misappropriated $208,260.83 in client and third-party funds over a period of approximately three years. As such, he has violated the Rules of Professional Conduct as charged.
 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high *997 standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the disciplinary board’s assessment that respondent knowingly and intentionally violated duties owed to his clients and the legal profession. He also violated duties owed to the public and caused significant, actual harm to several clients and third-party medical providers. The baseline sanction for this type of misconduct is disbarment. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar. We agree.
|7In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which we might consider worthy of permanent disbarment.
For purposes of the instant case, Guidelines 1 and 9 are relevant. Those guidelines detail the following conduct:
GUIDELINE 1. Repeated or multiple instances of intentional conversion of client funds with substantial harm.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Guideline 1 is clearly implicated by respondent’s knowing and intentional commingling, conversion, and/or misappropriation of $208,260.83 from several clients and third-party medical providers over a period of approximately three years. Likewise, Guideline 9 is applicable, as respondent’s current misconduct is serious attorney misconduct and was preceded by his eighteen-month suspension in Miller I for prior instances of serious attorney misconduct.
Respondent’s conduct demonstrates a disregard for his clients and for his duties as an attorney. In order to protect the public and maintain the high standards of the legal profession in this state, we find respondent should not be allowed the opportunity to return to the practice of law in the future.
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent.
_yDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Kenner 0. Miller, Jr., Louisiana Bar Roll number 1963, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, *998 § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Without explanation, the board stated that respondent had refused to cooperate with the ODC's investigation of this matter. We note that respondent is not charged with a failure to cooperate.